IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID GERMANORO,<br><br>    Petitioner,<br><br>    v.<br><br>BARRY SMITH, et al.,<br><br>    Respondents. | CIVIL ACTION<br><br>NO. 21-4863-KSM |

**ORDER**

**AND NOW** this 19th day of July, 2023, upon consideration of the Report and Recommendation of the Honorable Sandra Moore Wells (the "R&R") (Doc. No. 19), Petitioner's Objections to the R&R (Doc. No. 20), and Petitioner's Motion for Response from Court (Doc. No. 21), it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

3. There is no probable cause to issue a certificate of appealability.[1]

4. The Motion for Response (Doc. No. 21) is **DENIED AS MOOT.**

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

5. The Clerk of Court shall mark this case **CLOSED.**

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____
KAREN SPENCER MARSTON, J.